Mathews, J.
delivered the opinion of the court. This case is submitted to us, without aiW argument on the part of the appellee, aPPe^ant having failed to appear on the day appointed for its hearing. J r £ «
The action is against the warrantor of the © title to a slave, describéd in the plaintiff’s peti-r 1 tion, whom he bought from Martin L. Hannie, ’ ⅛ who sold as sole owner, and warranted the title. The answer of the defendant denies any right of action, as set forth by the plaintiff, and also all the allegations in the petition.
The facts agreed upon by the parties, and the evidence spread on the record, fully establish all the material allegations in the petition, viz : that Hannie sold the slave to the plaintiff; that the defendant bound himself to warrant the title, and that the slave was taken from the purchaser by the judgment of a competent tribunal. At the time of the eviction, the vendor was dead, and his representative was called in to warrant and defend the title of his vendee.
Whether the defendant and appellant be con *443 sidered as a surety or principal obligor, it is believed that he is responsible to the plaintiff and appellee, in damages. It is true that he was not called to defend the title, according to his contract, in an action of warranty, nor in the action by which the defendant lost the slave. As surety, it is doubtful whether the latter was bound to call him in warranty; because the vendor is rather to be supposed to kuow the means of defence than his surety; Pothier, Contrat de Vente, n. Ml : but admitting that he was entitled to all the privileges of a vendor, the neglect of the vendee, in failing to call him in to defend the suit, has no other effect than to cause the warranty to cease on proof, in the present suit that the warrantor had sufficient grounds or means of defence, to have obtained a judgment in his favor, of which he could not avail himself for want of having been called on. Civ. Code, 365, art. 64. This species of defence has neither been pleaded nor proven ; nor was the exception of the discussion of the property of the principal debtor used as a defence, admitting that the defendant is in the situation of a surety, which would have been useless, as it is agreed that the vendor was insolvent.
it is, therefore, ordered, adjudged and de *444 creed that the judgment of the District Court ⅜ be affirmed with costs.
Turner for the plaintiff Duncan for the defendant.