## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF THE

# STATE OF LOUISIANA.

—◦◦—

—◦◦—

**BABINEAU vs. CORMIER.**

APPEAL from the court of the seventh district.

PORTER, J. delivered the opinion of the court. The dispute between the parties in this action, has grown out of a purchase, made by the defendant, from one of the co-heirs of the plaintiff, of a tract of land of three and a half arpents front, on the bayou Carancro, with the depth of forty-two, it being a part of a tract of ten arpents front, with the depth already mentioned, originally conceded to Ann Guilbeaux, mother to the plaintiff.

---

*West'nDistrict*
*Aug. 1823.*

BABINEAU
*vs.*
CORMIER.

*If parol evidence, in regard to immoveable property, be admitted without objection in the inferior court, it cannot be objected to on the appeal. If there be error on the part of the vendor in delivering the property and error on the part of the vendee, in taking possession the latter cannot hold by prescription.*

The grant from the government is in the usual form, and issued upon a survey made by the commandant of Attakapas. Several years after the date of this concession, eight of the neighboring inhabitants, who had also titles for ten arpents front, adjoining it, called in one Gonsoulin, a surveyor, to survey their respective tracts. By this operation it was ascer_tained there was not a sufficient quantity to satisfy all the titles, and in consequence the several grantees, agreed to lose proportionally. In designating the limits of the title, under which the present parties claim, the first line was run ten arpents in a diagonal course, which made the quantity fall short by two thirds of an arpent, of what the grant would have embraced, had the line been run at right angles from the point of departure.

About one year after this arrangement, the defendant purchased three and a half arpents of land, front, part of this concession, from one of the heirs of the grantee. In the conveyance the property is described as, *une terre de trois arpents et demi de face avec quarante deux de profondeur, sur chaque bord du bayou Carancro limite par en bas par la veuve Frederic le Blanc, et par en haut par Joseph*

*Babineau*—" A tract of land, of three arpents and a half in front, with fifty two in depth, upon each bank of the bayou Carancro, bounded below by the widow le Blanc, and above by Joseph Babineau." The principal point in dispute, is how the land thus conveyed should be located : the plaintiff insists the defendant ought to take the front, in pursuance to the survey made by Gonsoulin, while, on the part of the defendant, it is contended, that he purchased three and a half arpents of land in front, without reference to any particular survey, and without mention being made in the act of sale, of any circumstance, which would qualify, or restrict his right, to demand the whole quantity mentioned in it.

It is unnecessary for us to examine whether parol evidence can legally be received in any case, to shew that by reason of a previous survey, or other circumstance, a greater or less quantity of land than that mentioned in the deed of conveyance was sold; or more especially, whether it can be received in a case such as the present, where the actual possession given, was in conformity with the title, and in opposition to the boundaries indicated on the plat of survey. The testimony, by which the expressions used

in the deed to the defendant are limited, was given in the court below without any exception to its introduction, and we feel bound to notice it. In the case of *Clark's ex's.* vs. *Farrar*—*3 Martin*, 252, 253, the court held that the objection to illegal testimony was not waved by a failure to except to it on the trial. We have had frequent occasion since, to consider the principle which that decision recognizes, and once to express an opinion respecting it. We are satisfied it is unsound. The rule is correctly given in the case of *Highlander* vs. *Fluke*, 5 *Martin*, 442. Parties have certainly a right to acknowledge a parol contract for land; and they have a right to consent, that their stipulation in regard to it, may be proved by oral evidence. Nor is it seen how a regard to the interests of third parties require the rejection of such proof. They certainly cannot be affected by it, for what is done in the suit where such testimony is admitted, is to them *res inter alios acta.*

Proceeding, therefore, to examine the evidence, we find it proved by one witness, that the defendant went into possession under an express stipulation, that he was to hold the land, in conformity with the survey of Gonsou-

West'n District
*Agu.* 1823.

BABINEAU
*vs.*
CORMIER.

lin; and by another, that he had always ac-knowledged that survey until a few years back. Taking this testimony as true, and we have been unable to find any thing in the record to authorise us to reject it, the defendant is bound by his agreement. He must hold, as he bought; and his intention at the time he made the purchase, must govern his rights under it,

He contends, however, that admitting he purchased under this survey, he has acquired a title to the premises by prescription. The evidence on this head is, that the plaintiff put the defendant in the possession of the premises he now claims, and that he remained in actual possession of them for ten years. The witness who relates the manner this possession was given, states that the plaintiff shewed, where *he thought* the line would run, but they did not measure it, nor was any division made. That the witness himself stepped off the distance of three and a half arpents. Taking the purchase to have been made according to the survey already mentioned, it is evident the possession delivered was erroneous, for the spot indicated as the boundary, was nearly that, where the front line would have terminated,

West'n District
Aug. 1823

BABINEAU
vs.
CORMIER.

running it at right angles. The manner the quantity was ascertained, readily accounts for the mistake, and the witness declares that, the plaintiff did not positively shew the limit, as that which would divide his land from that of the defendant.

Under these circumstances of error on the part of the vendor in delivering property not sold, and error on the part of the vendee, in taking possession of that which he did not purchase, the question is, can the latter hold it by prescription. We think not. An important and indispensable requisite is wanting to make out a title of the kind; the intention to possess. The vendee intended to enter into, and hold the property sold him. What he possessed over and beyond the quantity purchased, was in error. Pothier gives as an illustration of this doctrine, the very case now before us. If, says he, *J'ai achete de vous une chose, et vous m'en livriez une autre que je prends par erreur pour celle que j'ai achetée, et dont j'ai intention d'acquérir la possession; je n'acquiers la possession ni de celle que j'ai recue par erreur, parce que ce n'est pas celle dont j'ai la volonte d'acquerir la possession, ni de celle que j'ai la volonte d'acquerir, parce que*

West'n District *je  ne  l'ai  pas  recue.—Pothier  traite de la*
*Aug.* 1823.
*po.ses.ion, chap. 4,no*  40—See, also, *Digest,*
BABINEAU      *lib.* 41, *tit.* 2, *no.* 34.
*vs.*
CORMIER.         It is therefore, ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Fennessey* for plaintiff, *Brownson* for defen-
dant.