### MARTIN vs. REEVES & AL.

The acts of the vendor, after the sale, are against the vendee, evidence of fraud in the former.

So, his declarations as part of the *rerum gestarum.*

But neither are evidence of fraud in the vendee.

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court. The plaintiff sets forth that the defendant, Reeves, purchased at a sale made by the defendant Villejoin, sheriff of the parish, on four executions against James Martin, a tract of land, which the plaintiff had before purchased from said James, for a valuable consideration, by a notarial act, duly recorded; he prays that the sale may be rescinded, and that he may be quieted in his possession. The defendants

severed in their pleas, but both alleged that the sale from James Martin to the plaintiff is a fraudulent one, made to defraud the said James' creditors, and therefore void. The district court considering it so, gave judgment for the defendants, and the plaintiff appealed.

West'n District,
*Aug.* 1824.

MARTIN
*vs.*
REEVES & AL.

Exception was taken to the admission of the acts and declarations of the plaintiff's vendors, out of the plaintiff's presence.

We think the court did not err. There cannot be fraud in the vendee unless there be fraud in the vendor. The defendants have therefore to establish the fraud of the latter. For this purpose they gave evidence of the conduct and declarations of the latter after the sale to the plaintiff, his continued possession and contract of the premises, his hiring and selling part of the property conveyed to the plaintiff in the same deed with the premises, his acting and holding himself out as the real owner of the premises. Fraud is seldom established by direct evidence. The proof of it in most cases results from numerous, grave and concordant presumptions—for this purpose the conduct of one of the parties and his declarations are part *rerum gestarum;* all proper evidence to establish *fraud in him.* They are not

West'n District,
*Aug.* 1824.

MARTIN
*vs.*
REEVES & AL.

however evidence of fraud *in the vendee;* and if there be no other evidence the fraud of the latter is *totally* destitute of proof. It is in this sense that what fell from the court in the case of *Highlander* vs. *Fluke* & *al.* 5 *Martin,* 442. is to be understood. On the same principle the existence of creditors to be defrauded may, and in many cases must, be established by the admission of the vendor, or by judgments obtained against him, which are *prima facie,* tho' not conclusive evidence against the vendee, who was not a party thereto. After, by such such means, the fraud of the vendor is established, the party seeking relief has yet to establish that of the vendee, his participation in that of the former; for this purpose the evidence excepted to cannot avail.

On the merits, we are enabled to conclude the district judge erred. A great number of witnesses were examined on both sides. If, in questions of fact, we generally regard much the conclusion of the first judge, because he had a better knowledge of the character of the parties and witnesses, heard and saw the latter, it is still safer for us to rely on his conclusions in cases of fraud—where direct evidence is seldom produced, and the truth is to be elicited

by a comparison of the weight which is due to the evidence of the several witnesses often contradicting each other.

West'n District,
*Aug.* 1824.

BROUSSARD
*vs.*
DUHAMEL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Baker* & *Davis* for the plaintiff, *Brownson* & *Lessassier* for the defendants.