## BRENT vs. ERVIN.

APPEAL from the court of the fourth district

MARTIN, J. delivered the opinion of the court. The plaintiff claims, as endorsee, payment of the defendant's note, which it is alleged was protested, at maturity, and afterwards purloined from the plaintiff's possession. He had judgment on the plea of the general issue, and the defendant appealed.

On the trial, the plaintiff offered in evidence his own affidavit of the manner in which the note was purloined or lost, his advertisements for the recovery of it, and evidence of his conversation with a person near him, at the time of this alleged purloining or loss, These documents were received notwithstanding the de-

*Margin note:* If the note alleged to have been lost, is admitted to have been executed, and it is proven it was protested and afterwards returned to the plaintiff, so that an endorsee would acquire it subject to all the equity, that might be opposed to the plaintiff, he will not be compelled to give surety.

fendant's objections, and he took bills of exceptions.

As the case may well be disposed of, on the evidence which was received without opposition, we have thought it proper to reserve the consideration of the admissibility of the evidence objected to for a case in which the consideration may be necessary.

The written evidence not objected to consists of a copy of the note and protest and three letters of the defendant, who admitted his signatures thereto.

The note copied on the back of the protest, is a a copy of that which is annexed to the petition, and the protest states that the defendant, on the original being exhibited to him by the officer, on the day of payment, answered, he would not pay said note.

The defendant's letters, the first of which bears date a few weeks after the protest, contain offers to settle the plaintiff's demand for three thousand two hundred and fifty dollars, the exact amount of the note sued on, by giving other notes, or an acceptance at twelve months in New-Orleans: and in the latter, the defendant announces the approach of Robertson, his son in law, charged with the explanation of his intention to the defendant.

East'n. District.
Jan'y. 1825.

BRENT
vs.
ERWIN.

The parol evidence consists of the testimony of the officer who protested the note, who declares the copy of it and of the protest annexed to the petition, is a true one; that he delivered the original to the plaintiff after the protest; that he knows the signatures of the defendant, at the foot of the note, and that of the payee and plaintiff's endorser on the back.

The testimony of Robertson, the bearer of the last letter of the defendant to the plaintiff, shews that the proposition made to the latter, was to give him the acceptance of a mercantile house in New-Orleans, at twelve months, on his giving security, and the use of four negroes during one year.

We think the defendant, by suffering the above documents and testimony to be admitted, has relieved the plaintiff, from the difficulty he would have been, had any evidence, written or oral, of the contents of the note, been resisted, till its absence from the plaintiff's hands was accounted for. 1 *Vol.* 446, 5 *Martin,* 442.

It is not alleged that the note, or any part of it was paid.

The only points at issue. are whether the

Vol. III. (N. S.) 39

East'n District defendant made the note sued on, and whether
*Jan'y.* 1825.
it was endorsed to the plaintiff by the payee.

BRENT
*vs.*
ERWIN.

We think the production of the protest and co-
py, and the testimony of the officer who made
the protest, establish these two facts.

He swears he *knows* the signatures at the
foot and back of the note; and we conclude
that this is evidence not only of his knowledge
or acquaintance with the hand writing, but also
of his belief of its genuineness.

The defendant's own letters strongly corrob-
orate the evidence resulting from these docu-
ments and testimony. He admits he owes the
plaintiff the exact amount of the note, and of-
fers to settle the same, if time and *security* are
given, with the douceur of one year's labour
of four negroes.

Security is required; for what? The answer
which the facts of the case suggest is, against
the chance of the note being produced by *a
finder*, or one to whom it might have been trans-
ferred.

A *douceur*; for what? As a compensation for
relieving the plaintiff from the difficulty in
which the absence of the note from his hands
placed him .These are the answers which the
facts, as explained, naturally furnish.

East'n. District.
Jan'y. 1825.

BRENT
vs.
ERWIN.

It appears that the note was returned by the officer to the plaintiff, after the protest; it is clear any person obtaining it afterwards received or found it burthened with the obligation of allowing any equitable plea, which might be opposed to it, in the hands of the present plaintiff; the district court did not err in refraining from requiring him to give security for the defendant's indemnification.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs,

*Watts* & *Lobdell* for the plaintiff, *Grymes* for the defendant.