*Worthington,* for appellant.  *Eustis,* for appellee.

---

STRAWBRIDGE *vs.* WARFIELD. ·

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

A parole sale of a slave is not void; the party sued thereon may waive his right to exclude parole proof of it.

The fact of the vendor of a slave having concealed from the purchaser the fact of his being the real owner, does not make him responsible in warranty.

The facts of this case are fully stated in the opinion of the court, delivered by PORTER, J.

The petitioner states, that he purchased of the defendant, a negro slave; that, at the time of sale, it was understood the defendant was acting in the capacity of a broker, and that, accordingly, the petitioner accepted a deed of sale from one William D. Mercer, of the State of Maryland

He also states, that the slave was not sound at the time of sale, and that the diseases with which she was afflicted rendered her useless, or, at least, her services were so interrupted, imperfect and inconvenient, that she was of no value.

He further states, that at the time he bargained with the defendant, he was not merely acting as a broker, but was, in fact, owner of the negress. That Mercer has left the state, without the intention of returning, by which, and by the said simulation and concealment, the petitioner is without redress against him.

The petition concludes with a prayer, that the defendant may be cited, and decreed to pay the sum of three hundred and twenty dollars, the difference between her price, and her value, with damages, &c.

The answer avers, that the defendant was employed, in the capacity of a broker, by one Wm. D. Mercer, of Maryland, to aid him in the sale of several servants; that they were repeatedly offered at private sale, and finally advertised, by Mercer, to be sold on the — day of March. Immediately preceding the sale, the defendant made to Mercer a verbal proposition, that, if the said Mercer would permit him to receive the amount for which the negroes should sell at the credit proposed, he would pay him the sum of one thousand eight hundred dollars, cash, to which the said Mercer assented.

That the sale was conducted in the name of Mercer, who had alone the title in the slaves, and was accepted by the vendees as the warranter. That the plaintiff took his title from Mercer, and that the defendant never had any title to the negress, nor any interest in her, but as above stated.

On these issues, the cause was tried in the court of the first instance. There was judgement for the defendant, and the plaintiff appealed.

Eastern Dis.
April, 1832.
═══════════
STRAWBRIDGE
vs.
WARFIELD.

We think the evidence establishes, very clearly, that the defendant purchased from Mercer, previous to the sale to the plaintiff, the slave in question, and was the owner of her at the time of that sale. We have, therefore, to examine what are the rights of the parties, on this state of things.

The judge of the court of the first instance considered the verbal sale of the slave was null. But we differ with him on this point. On the provisions of our old Code, the jurisprudence of this court was well settled, that parties had a right to admit a parole contract, for the sale of immoveable property; and that, if they chose, they might, as they did, in this instance, admit parole evidence to prove it. The late amendments to the Louisiana Code, have not changed those of the Civil Code, except in recognizing the validity of a verbal sale, and in establishing, by their authority, the doctrine, that the exclusion of parole testimony, in relation to contracts of the description of that before us, is a privilege which the parties may waive. See the cases of *Babineau* vs. *Cornier*, 1 *N. S.* 456, and *Highlander* vs. *Fluke*, 5 *Martin*, 442. *L. C.* 2255, 1757.

*A parole sale of a slave is not void; the party sued thereon may waive his right to exclude parole proof of it.*

Our first inquiry is, whether, warranty on the part of the owner of the property sold, be of the essence of the contract of sale, and this question, the law requires us to answer in the negative. Warranty is of the nature of the contract of sale; that is, the law implies it, if a contrary agreement be not made. But it is not essential to such a contract. The vendor may stipulate he will not warrant at all, or he may covenant that his warranty shall be restricted, or he may contract that his vendee shall accept of the warranty of a third person. *Poth. on Ob. No.* 7. *L. C.* 2479.

The contract, between Mercer and the defendant, was verbal; it immediately preceded the sale at auction, and the bill of sale of this slave, and those made to other persons, who bought the remainder of the lot, were executed in the name of Mercer. The fact of the defendant having become the proprietor of the property, was not, however, communicated to the plaintiff. He thought he was buying from Mercer, and, by the deed of sale, he has bought from him; he sup-

posed he was obtaining the warranty of Mercer, and he has obtained it. And, here, it is proper to state that, in our opinion, the use of Mercer's name, to transfer the property, was resorted to, rather as a matter of convenience, than in the intention to defraud. Though it is not impossible the reflection, that the sale would be effected without the defendant being responsible in warranty, may have passed through his mind, and influenced, in some measure, the form which the transaction assumed. But he and his vendor, when they attended before the notary to sign the act, freely and fully communicated, to that officer, the circumstances under which Mercer signed it.

The case then narrows itself into the inquiry, whether the fact of the vendor having concealed from the purchaser, no matter with what intention, the fact of his being the real owner, makes him responsible in warranty. We think not. It is clear, the plaintiff could not now have the contract avoided on the grounds alleged. For, error in the person with whom he contracted could not enable him to do so; the consideration of the person not being the principal cause of the contract. If, then, the plaintiff could not have the contract set aside, we can discover no legal grounds on which it can be changed, and a subsidiary warranty granted to the buyer, for which he did not contract.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed with costs.

EASTERN DIS.
*April*, 1832.

STRAWBRIDGE
*vs.*
WARFIELD.

The fact of the vendor of a slave having concealed from the purchaser the fact of his being the real owner, does not make him responsible in warranty.