## BYRD v. J. F. MEEKS LUMBER CO., Inc.
### No. 1434.

Court of Appeal of Louisiana. First Circuit.
Jan. 21, 1935.

For former opinion, see 156 So. 93.

Fred G. Benton, of Baton Rouge, for appellant.

Jos. A. Loret, of Baton Rouge, for appellee.

MOUTON, Judge.

In the application of defendant company for a rehearing, the real complaint is that this court has considered parol evidence to prove a relation of trust between plaintiff and defendant company in reference to title to land or immovable property.

The contention is that testimonial proof was inadmissible to establish this trust relationship.

The opinion rendered by us in this case shows that title to real estate came into play only incidentally to the demand against defendant for an accounting as her agent for money received which should have gone to her benefit in the transaction.

If the principal could not establish by parol the obligation of the agent or fiduciary to account for money received for his benefit, because title to real estate happened to be involved, the agent would, as remarked by counsel for plaintiff in his brief, "have civil immunity to do whatever he pleased with his principal's property and money in deals involving real estate."

There was, however, no direct objection made by counsel for defendant company to the evidence offered on the ground that it was not admissible to show title to real estate or to prove a relation of trust between plaintiff and defendant company in reference to title to land or immovable property. The objection urged by defendant to the introduction of the evidence was that it was "immaterial and irrelevant."

The evidence, even if inadmissible for the reasons advanced by defendant, was certainly material and relevant to the real issue in the case, which was as to the existence of the trust relationship between the parties, and upon which this case was decided by us adversely to the contentions of defendant company.

There was therefore no merit in the objection of immateriality and irrelevancy made by defendant, because such an objection could not apply to evidence unquestionably relevant and material.

The other objection was that the parol evidence was intended to vary or to contradict the mortgages involved in the suit. There was, however, no objection that the proof offered was to establish title to real estate or to show a constructive trust affecting realty by parol evidence.

The whole course of the trial shows that the real issue was as to whether defendant was responsible to plaintiff in equity, as appears from the questions and cross-questions to the witnesses and by the opinion rendered by this court on the merits.

In many decisions it has been held by the Supreme Court of this state that parol evidence offered to prove title to real estate, if not objected to, will be considered to establish title thereto. See Babineau v. Cormier, 1 Mart. (N. S.) 456; Brent v. Ervin, 3 Mart. (N. S.) 305, 15 Am. Dec. 157; Fougard v. Tourregaux, 3 Mart. (N. S.) 466; Strawbridge v. Warfield, 4 La. 20; Huey v. Drinkgrave, 19 La. 484; Kittridge v. Landry, 6 Rob. 481; Frederick v. Brulard, 6 La. Ann. 383; Dorvin v. Wiltz, 11 La. Ann. 519; and Pauline v. Hubert, 14 La. Ann. 162.

As title to real estate can be established by parol evidence when not objected to, it follows that a trust relationship showing title to realty can be proved by parol when no objection is made to the introduction of such proof.

In this case there was no such objection to the parol evidence introduced to establish this relationship and upon which judgment was rendered in favor of plaintiff.

For the foregoing reasons and those stated in our first opinion, it is ordered that our original judgment be reinstated as the final decree of this court.